IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

REBECCA LATRIECE MARTINEZ                                                       PLAINTIFF

vs.                                       Civil No. 6:13-cv-06130

CAROLYN W. COLVIN                                                               DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Rebecca Latriece Martinez ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on June 23, 2011.[2] (Tr. 8, 93-99). In her application, Plaintiff claims to be disabled due to the following: lumbar fusion, post-surgery problems with her back, bursitis, uneven hips, hip pain, and high blood pressure. (Tr. 122). Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

[2] It appears this is the third disability application Plaintiff has filed. (Tr. 8). Only the application filed on June 23, 2011 will be addressed in this opinion.

alleges an onset date of June 27, 2011. (Tr. 8, 93). This application was denied initially and again upon reconsideration. (Tr. 30-31).

Thereafter, on November 21, 2011, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 45-47, 61-65). Plaintiff's administrative hearing was held on September 6, 2012 in Hot Springs, Arkansas. (Tr. 19-29). Plaintiff was present at this hearing and was represented by Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") Mary May testified at this hearing. *Id.* At the time of this hearing, Plaintiff testified she was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008), and had only completed the seventh grade in school. (Tr. 22-23).

After this hearing, on October 26, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 5-14). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of June 27, 2011. (Tr. 10, Finding 1). The ALJ determined Plaintiff had the following severe impairments: lumbar fusion, bursitis, uneven hips, hypertension, and obesity. (Tr. 10-11, Finding 2). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 11-13, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

After careful consideration of the entire record, the undersigned finds that the

>claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) with occasional bending, crouching, crawling, kneeling and climbing ramps/stairs but not ladders, ropes or scaffolds or balancing.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff did not have any PRW. (Tr. 13, Finding 5). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 13-14, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.* Considering her age, education, work experience, and RFC, the ALJ determined Plaintiff retained the capacity to perform the following representative occupation: license clerk or order clerk with 341,600 such jobs in the national economy and 2,670 such jobs in the regional economy. (Tr. 14). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since her alleged onset date of June 17, 2011. (Tr. 14, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4). On September 25, 2013, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed the present appeal on November 8, 2013. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 11, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following four arguments for reversal: (1) the ALJ's evaluation of the Listings was not supported by substantial evidence in the record; (2) the ALJ erred in considering her obesity; (3) the ALJ erred by concluding she retained the RFC for sedentary work; and (4) the ALJ erred by failing to develop the record regarding her limited education and lack of transferrable skills. ECF No. 11. Because the ALJ improperly evaluated her subjective complaints, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*.  (Tr. 11-13). Indeed, the only "inconsistencies" the ALJ notes are that Plaintiff "is able to care for herself and her daughter. She prepares simple foods, and performs simple household chores. She drives and shops." (Tr. 12).  While these activities certainly demonstrate Plaintiff has some level of limited daily

functioning, these findings do no demonstrate Plaintiff's subjective complaints of disabling limitations due to her alleged impairments (lumbar fusion, post-surgery problems with her back, bursitis, uneven hips, hip pain, and high blood pressure) are not credible. *See Reed v. Barnhart,* 399 F.3d 917, 923 (8th Cir. 2005) (recognizing "it is well-settled law that 'a claimant need not prove she is bedridden or completely helpless to be found disabled'") (citation omitted). Because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[4]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of January 2015.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U. S. MAGISTRATE JUDGE

---

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.